THOMAS A. JOHNSON, #119203
400 Capitol Mall, Suite 1620
Sacramento, California  95814
Telephone:  (916) 422-4022
Attorney for Michael Taylor Sr.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>KENNETH PARKS, et al.,<br>           Defendants. | Case No.: 2:12-cr-0375-TLN<br><br>STIPULATION AND ORDER FOR SETTING OF A STATUS CONFERENCE AND VACATING THE JURY TRIAL |

Plaintiff, United States of America, by and through its counsel of record, and Defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this case was set for a Trial Confirmation Hearing on February 20, 2014, with a Jury Trial set for March 31, 2014.

2. By this stipulation, the all Defendants except Kenneth Parks now move to vacate the Trial Confirmation Hearing and set a Status Conference on March 27, 2014.  All Defendants stipulate and agree to vacate the Jury Trial date set for March 31, 2014.  Even though time has previously been excluded to March 31, 2014, the parties stipulate to exclude time until March 27, 2014, under Local Code T4.   Mr. Parks would like to keep the matter on calendar on February 20, 2014, for a change of plea.  Plaintiff does not oppose this request.

3. The parties agree and stipulate and request that the Court find the following:

   a. The government provided discovery associated with this case that includes approximately 700 pages.  This discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b. The government has recently made available a large amount of discovery and counsel needs time to review that material and conduct further investigation.

   c. Furthermore, Thomas A. Johnson, counsel for Michael Taylor Sr., requests a continuance due to the fact that Mr. Johnson will be unavailable and in another trial on March 31, 2014.

   d. Counsel for defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. The government does not object to the continuance.

   f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time until March 27, 2014, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED:  February 18, 2014

By:  /s/ Thomas A. Johnson
Thomas A. Johnson
Attorney for Michael Taylor Sr.

DATED: February 18, 2014

By:  /s/ Thomas A. Johnson for
CHRISTOPHER COSCA
Attorney for Gregory Martin

DATED:  February 18, 2014

By:  /s/ Thomas A. Johnson for
TIMOTHY WARRINER
Attorney for Michael Taylor Jr.

DATED:  February 18, 2014

By:  /s/ Thomas A. Johnson for
MICHAEL CHASTAINE
Attorney for Andre Walters

DATED:  February 18, 2014

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ Thomas A. Johnson for
JARED DOLAN
Assistant U.S. Attorney

**ORDER**

**IT IS SO ORDERED.**

Dated: February 18, 2014

_____
Troy L. Nunley
United States District Judge

3